WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Eduardo Ramirez-Garcia,<br><br>Plaintiff,<br><br>vs.<br><br>Charles L. Ryan, et al.,<br><br>Defendants. | No.  CV 12-2678-PHX-RCB (JFM)<br><br>**O R D E R** |

On December 17, 2012, Plaintiff Eduardo Ramirez-Garcia, who is confined in the Arizona State Prison Complex-Florence, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*.  In a June 21, 2013 Order, the Court granted the Application to Proceed and dismissed the Complaint because Plaintiff had failed to state a claim.  The Court gave Plaintiff 30 days to file an amended complaint that cured the deficiencies identified in the Order.

On June 28, 2013, Plaintiff filed a Motion for Extension of Time to File Amended Complaint (Doc. 11).  On July 22, 2013, Plaintiff filed a Motion for Status (Doc. 12).  On August 6, 2013, Plaintiff filed his First Amended Complaint (Doc. 13).  Plaintiff then filed a second Motion for Status (Doc. 14) on October 15, 2013.

The Court will grant the Motion for Extension of Time and accept Plaintiffs First Amended Complaint as timely filed.  The Court will also grant the Motions for Status, to the extent this Order informs Plaintiff of the status of this case, and will dismiss the First Amended Complaint with leave to amend.

JDDL-K

## I. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*)).

If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). The Court should not, however, advise the litigant how to cure the defects. This type of advice "would undermine district judges' role as impartial decisionmakers." *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Lopez*, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies). The Court will dismiss Plaintiff's First Amended Complaint for failure to state a claim, but because the First Amended Complaint may possibly be saved by amendment, will dismiss the First Amended Complaint with leave to amend.

**II.     First Amended Complaint**

Plaintiff names Lieutenant Tucker and Nurses Jane Doe 1 and Jane Doe 2 as Defendants in the First Amended Complaint.

Plaintiff raises one claim for relief in which he alleges his Eighth and Fourteenth Amendment rights were violated when he was denied immediate treatment for an aneurysm. Plaintiff claims that on June 1, 2011, he began to experience severe headaches followed by repetitive vomiting. Plaintiff claims that other inmates got the attention of Correctional Officer Parrish who witnessed as Plaintiff's eyes rolled back in his head and Plaintiff became unresponsive. Officer Parrish activated an "ICS," and 15 minutes later a medical staff person and Defendant Tucker responded with a gurney. Plaintiff was taken to the medical department where he was examined by Defendant Doe 1. Defendant Doe 1 told Defendant Tucker that Plaintiff was drunk and directed Plaintiff to be returned to his housing unit. Plaintiff claims that he explained to both Defendants Doe 1 and Tucker that he was not drunk and that he was experiencing severe pain.

Plaintiff was taken back to his housing unit in wheelchair. After 10 minutes, Plaintiff was still experiencing extreme pain and yelled for help. Officer Parrish again responded to Plaintiff, activated another "ICS," and after 25 minutes, Defendant Tucker again responded. Plaintiff claims that by this time he was unresponsive and incoherent.

Plaintiff was taken back to the medical department and, early on June 2, 2011, was transported to St. Joseph's Hospital where he received surgery for a brain aneurysm. Plaintiff remained in the hospital until June 19, 2011. Plaintiff was housed in inpatient care at the prison until August 5, 2011, and, on September 20, 2011, was transferred back to his regular housing unit.

Plaintiff alleges that Defendant Tucker was deliberately indifferent to his emergency medical needs by failing to respond for 25 minutes and by failing to administer an alcohol test on Plaintiff to determine if Plaintiff was actually drunk. Plaintiff claims Defendant Doe 1 was also deliberately indifferent by failing to investigate further to determine if Plaintiff was actually drunk and by delaying Plaintiff from seeing a doctor. Plaintiff further claims that Defendant Doe 2 failed to order his prescribed blood pressure medication for a period of 30 days and that during this time he suffered pain.

Plaintiff states that he filed grievances on the lack of medical care, but that his grievances were denied.

Plaintiff seeks money damages and injunctive relief.

### III.    Failure to State a Claim

Not every claim by a prisoner relating to inadequate medical treatment states a violation of the Eighth or Fourteenth Amendment. To state a § 1983 medical claim, a plaintiff must show that the defendants acted with "deliberate indifference to serious medical needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). A plaintiff must show (1) a "serious medical need" by demonstrating that failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain and (2) the defendant's response was deliberately indifferent. *Jett*, 439 F.3d at 1096 (quotations omitted).

"Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). To act with deliberate indifference, a prison official must both know of and disregard an excessive risk to inmate health; "the official must both be

JDDL-K

- 4 -

aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Deliberate indifference in the medical context may be shown by a purposeful act or failure to respond to a prisoner's pain or possible medical need and harm caused by the indifference. *Jett*, 439 F.3d at 1096. Deliberate indifference may also be shown when a prison official intentionally denies, delays, or interferes with medical treatment or by the way prison doctors respond to the prisoner's medical needs. *Estelle*, 429 U.S. at 104-05; *Jett*, 439 F.3d at 1096.

Deliberate indifference is a higher standard than negligence or lack of ordinary due care for the prisoner's safety. *Farmer*, 511 U.S. at 835. "Neither negligence nor gross negligence will constitute deliberate indifference." *Clement v. California Dep't of Corrections*, 220 F. Supp. 2d 1098, 1105 (N.D. Cal. 2002); *see also Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (mere claims of "indifference," "negligence," or "medical malpractice" do not support a claim under § 1983). "A difference of opinion does not amount to deliberate indifference to [a plaintiff's] serious medical needs." *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). A mere delay in medical care, without more, is insufficient to state a claim against prison officials for deliberate indifference. *See Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985). The indifference must be substantial. The action must rise to a level of "unnecessary and wanton infliction of pain." *Estelle*, 429 U.S. at 105.

Plaintiff has not alleged facts sufficient to demonstrate that any of the three named Defendants were deliberately indifferent to his serious medical needs. With respect to Defendant Tucker, Plaintiff alleges that Defendant Tucker delayed in responding to Plaintiff's medical emergency for 25 minutes even though he was aware that Plaintiff had just been seen by medical personnel and was complaining of extreme pain and also failed to administer an alcohol test on Plaintiff to determine if Plaintiff was actually drunk. These facts are insufficient to demonstrate deliberate indifference. Plaintiff does not

allege that the 25-minute delay in care resulted in additional injury to Plaintiff or that Defendant Tucker's actions constitute more than mere negligence.

Similarly, Plaintiff has not demonstrated that Defendant Doe 1's actions were more than mere negligence; Plaintiff facts show that Defendant Doe believed Plaintiff to be drunk and that although this mistake delayed Plaintiff's treatment by approximately half an hour, Plaintiff did not suffer additional injury.

Finally, Plaintiff does not show that Defendant Doe 2 acted with deliberate indifference in failing to order his medication. Plaintiff's facts show at best that there was a miscommunication in the medication order, or that Defendant Doe 2 may have acted negligently. Accordingly, Plaintiff has failed to state a claim in the First Amended Complaint.

**IV.   Leave to Amend**

For the foregoing reasons, Plaintiff's First Amended Complaint will be dismissed for failure to state a claim upon which relief may be granted. Within 30 days, Plaintiff may submit a second amended complaint to cure the deficiencies outlined above. The Clerk of Court will mail Plaintiff a court-approved form to use for filing a second amended complaint. If Plaintiff fails to use the court-approved form, the Court may strike the second amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "Second Amended Complaint." The second amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint or First Amended Complaint by reference. Plaintiff may include only one claim per count.

A second amended complaint supersedes the original Complaint and First Amended Complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court will treat the original Complaint and First Amended Complaint as

nonexistent. *Ferdik*, 963 F.2d at 1262. Any cause of action that was raised in the original Complaint or First Amended complaint is waived if it is not raised in a second amended complaint. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

## V.  Warnings

### A.  Release

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

### B.  Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### C.  Copies

Plaintiff must submit an additional copy of every filing for use by the Court. *See* LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### D.  Possible "Strike"

Because the First Amended Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file a second amended complaint correcting the deficiencies identified in this Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be

granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

### E.  Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik*, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)  Plaintiff's June 28, 2013 Motion for Extension of Time (Doc. 11) is **granted**; Plaintiff's First Amended Complaint is accepted as timely filed.

(2)  Plaintiff's July 22, 2013 and October 15, 2013 Motions for Status (Docs. 12 and 14) are **granted** to the extent this Order informs Plaintiff of the status of this case.

(3)  The First Amended Complaint (Doc. 13) is **dismissed** for failure to state a claim. Plaintiff has **30 days** from the date this Order is filed to file a second amended complaint in compliance with this Order.

(4)  If Plaintiff fails to file a second amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g).

(5)  The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

DATED this 4th day of October, 2013.

Robert C. Broomfield
Senior United States District Judge