WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Eduardo Ramirez-Garcia,<br><br>    Plaintiff,<br><br>  vs.<br><br>Charles L. Ryan, et al.,<br><br>    Defendants. | No.  CV 12-2678-PHX-RCB (JFM)<br><br>**O R D E R** |

On December 17, 2012, Plaintiff Eduardo Ramirez-Garcia, who is confined in the Arizona State Prison Complex-Florence, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. In a June 21, 2013 Order, the Court granted the Application to Proceed and dismissed the Complaint because Plaintiff had failed to state a claim. The Court gave Plaintiff 30 days to file an amended complaint that cured the deficiencies identified in the Order.

On August 6, 2013, Plaintiff filed his First Amended Complaint. In a November 4, 2013 Order, the Court dismissed the First Amended Complaint because Plaintiff had failed to state a claim. The Court gave Plaintiff 30 days to file a second amended complaint that cured the deficiencies identified in the Order.

On December 4, 2013, Plaintiff filed a Second Amended Complaint (Doc. 16). The Court will dismiss the Second Amended Complaint and this action.

**I.      Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*)).

**II.     Second Amended Complaint**

Plaintiff names Lieutenant Tucker, Nurse Jane Doe 1, and Doctor John Doe 1 as Defendants in the First Amended Complaint.

Plaintiff raises one claim for relief in which he alleges his Eighth and Fourteenth Amendment rights were violated when he was denied immediate treatment for an aneurysm. Plaintiff claims that on June 1, 2011, he began to experience severe headaches followed by repetitive vomiting. Plaintiff claims that other inmates got the attention of Correctional Officer Parrish who observed that Plaintiff was in extreme pain. Officer Parrish activated an "ICS," and 15 minutes later a medical staff person and Defendant Tucker responded with a gurney. Plaintiff was taken to the medical department where he was examined by Defendant Jane Doe 1. Defendant Jane Doe 1 took Plaintiff's blood pressure, examined his head, and told him "you are drunk." Plaintiff said "no, no drunk, head hurts." Plaintiff claims that Defendant John Doe 1 then came into the examination room, examined Plaintiff's head, and then said to Plaintiff "you have been drinking haven't you," to which Plaintiff responded that he did not understand and that he was not drunk. Plaintiff states that he asked both Defendants Jane Doe 1 and John Doe 1 for an interpreter, but that they responded "no interpreter."

Defendant Jane Doe 1 then provided Plaintiff with acetaminophen and ice and directed Defendant Tucker to take Plaintiff back to his housing unit in wheelchair. After 10 minutes, Plaintiff was still experiencing extreme pain and yelled for help. Officer Parrish again responded to Plaintiff, activated another "ICS," and after 10 minutes, Defendant Tucker and another staff person again responded. Plaintiff claims that by this time he was unresponsive and incoherent. Plaintiff was taken back to the medical department and, early on June 2, 2011, was transported to St. Joseph's Hospital where he received surgery for a brain aneurysm. Plaintiff remained in the hospital until June 19, 2011. Plaintiff was housed in inpatient care at the prison until August 5, 2011, and, on September 20, 2011, was transferred back to his regular housing unit.

Plaintiff alleges that Defendant Tucker was deliberately indifferent to his emergency medical needs by failing to provide Plaintiff with an interpreter, by returning Plaintiff to his dorm, and by delaying medical attention for Plaintiff. Plaintiff further claims Defendant Jane Doe 1 was also deliberately indifferent by failing to provide an interpreter, failing to investigate further to determine if Plaintiff was actually drunk and by delaying Plaintiff from seeing a doctor. Finally, Plaintiff claims that Defendant John Doe 1 was also deliberately indifferent in failing to provide an interpreter and in initially diagnosing Plaintiff as drunk rather than investigating further.

Plaintiff states that he filed grievances on the lack of medical care, but that his grievances were denied.

Plaintiff seeks money damages and injunctive relief.

**III.  Failure to State a Claim**

Not every claim by a prisoner relating to inadequate medical treatment states a violation of the Eighth or Fourteenth Amendment. To state a § 1983 medical claim, a plaintiff must show that the defendants acted with "deliberate indifference to serious medical needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). A plaintiff must show (1) a "serious medical need" by demonstrating that failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain and (2) the defendant's response was deliberately indifferent. *Jett*, 439 F.3d at 1096 (quotations omitted).

"Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). To act with deliberate indifference, a prison official must both know of and disregard an excessive risk to inmate health; "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Deliberate indifference in the medical context may be shown by a purposeful act or failure to respond to a prisoner's pain or possible medical need and harm caused by the indifference. *Jett*, 439 F.3d at 1096. Deliberate indifference may

also be shown when a prison official intentionally denies, delays, or interferes with medical treatment or by the way prison doctors respond to the prisoner's medical needs. *Estelle*, 429 U.S. at 104-05; *Jett*, 439 F.3d at 1096.

Deliberate indifference is a higher standard than negligence or lack of ordinary due care for the prisoner's safety. *Farmer*, 511 U.S. at 835. "Neither negligence nor gross negligence will constitute deliberate indifference." *Clement v. California Dep't of Corrections*, 220 F. Supp. 2d 1098, 1105 (N.D. Cal. 2002); *see also Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (mere claims of "indifference," "negligence," or "medical malpractice" do not support a claim under § 1983). "A difference of opinion does not amount to deliberate indifference to [a plaintiff's] serious medical needs." *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). A mere delay in medical care, without more, is insufficient to state a claim against prison officials for deliberate indifference. *See Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985). The indifference must be substantial. The action must rise to a level of "unnecessary and wanton infliction of pain." *Estelle*, 429 U.S. at 105.

Plaintiff has not alleged facts sufficient to demonstrate that any of the three Defendants were deliberately indifferent to his serious medical needs. First, Plaintiff's facts do not demonstrate that the assistance of an interpreter would have affected the treatment Plaintiff initially received. Plaintiff states that he told Defendants, in English, that he was not drunk. Plaintiff's allegations indicate Defendants did not believe Plaintiff; they do not show that Defendants misunderstood Plaintiff. Moreover, Plaintiff's allegations show that medical treatment was delayed for a total period of approximately 30 minutes; it appears unlikely that finding an interpreter to assist in Plaintiff's examination would have shortened the delay in care and may even have extended delay.

With respect to Plaintiff's other claims, Plaintiff has demonstrated, at best, that Defendants acted negligently in initially mistaking Plaintiff's symptoms as alcohol intoxication. Plaintiff's facts show that Defendant Jane Doe 1 believed Plaintiff to be

1  drunk and that, although this mistake delayed Plaintiff's treatment by approximately half
2  an hour, Plaintiff did not suffer additional injury. Specifically, Plaintiff has not shown
3  that more immediate treatment would have prevented the aneurysm or that the
4  approximately half-hour delay caused him to suffer further injury than he would have
5  suffered had he received immediate treatment. Accordingly, Plaintiff has failed to state a
6  claim.

### IV.     Dismissal without Leave to Amend

Because Plaintiff has failed to state a claim in his Second Amended Complaint, the Court will dismiss his Second Amended Complaint. "Leave to amend need not be given if a complaint, as amended, is subject to dismissal." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989). The Court's discretion to deny leave to amend is particularly broad where Plaintiff has previously been permitted to amend his complaint. *Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir. 1996). Repeated failure to cure deficiencies is one of the factors to be considered in deciding whether justice requires granting leave to amend. *Moore*, 885 F.2d at 538.

Plaintiff has made three efforts at crafting a viable complaint. The Court finds that further opportunities to amend would be futile. Therefore, the Court, in its discretion, will dismiss Plaintiff's Second Amended Complaint without leave to amend.

**IT IS ORDERED:**

(1) Plaintiff's Second Amended Complaint (Doc. 16) and this action are **dismissed** for failure to state a claim, and the Clerk of Court must enter judgment accordingly.

(2) The Clerk of Court must make an entry on the docket stating that the dismissal for failure to state a claim may count as a "strike" under 28 U.S.C. § 1915(g).

. . .

. . .

. . .

. . .

(3) The docket shall reflect that the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), that any appeal of this decision would not be taken in good faith.

DATED this 25th day of February, 2014.

_____
Robert C. Broomfield
Senior United States District Judge